In re Calvin Earl MALLORY, individually and a shareholder of Mallory Oil, Inc. fdba C.E. Mallory & Co., SSN 514–18–5925, Marilyn Marie Mallory, individually and a shareholder of Mallory Oil, Inc., fdba C.E. Mallory & Co., SSN 510–28–4839, Debtors.

Bankruptcy No. 83 B 00809 J.

United States Bankruptcy Court, D. Colorado.

April 4, 1983.

---

Stanley L. Drexler, Drexler, Wald & Abramovitz, P.C., Denver, Colo., and John A. Berman, Denver, Colo., for debtors.

Susan Souder, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the United States of America.

### ORDER RE TAX LIABILITY

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing March 30, 1983, on the Debtors' Motion for Determination of Tax Liability.

Both the Debtors and the United States agreed that the sole issue to be decided was whether or not the Debtors had made an effective designation of payments made to the Internal Revenue Service such that a payment of $77,000.00 made to the Internal Revenue Service on or about April 21, 1982, should have been applied to tax liability for all years first and then to penalty and interest. The Internal Revenue Service (I.R.S.) had applied this payment, in accordance with Revenue Ruling 73–305, to tax, penalty, and interest, in that order, for the earliest period, and in that order for each next succeeding period for the delinquent taxes for the years 1967 through 1980.

The evidence showed the following. George Edwards, a C.P.A. with the accounting firm of Reynolds, Fetzer and Edwards, prepared and filed the delinquent tax returns for the Debtors for the years 1967–1980 and submitted a $20,000.00 partial payment in late 1981 or early 1982. Shortly thereafter, Mr. Mallory began receiving computer generated requests for payment for the various years indicating various amounts still due. Mr. Mallory paid some of these requests, and then realized that the I.R.S. was not applying his payment first to tax as he intended.

Mr. Mallory and Mr. Edwards both testified that on March 8, 1982, Mr. Edwards made a telephone call to a "Ms. Scott" at the I.R.S. office in Denver at the number 837–2241. Mr. Edwards testified that Ms. Scott told him that he should send the taxpayer's designation to the Denver I.R.S. collection branch even though the case had been assigned to the Ft. Collins office and that a specific agent had not yet been assigned to the case. Mr. Mallory testified that he was in Mr. Edward's office at the time of this phone conversation and heard Mr. Edward's part of the conversation, but not Ms. Scott's part.

On or about April 21, 1982, Mr. Edwards sent a $77,000.00 check for the Debtors, along with numerous attachments (see Debtors' Exhibit B) to the Denver I.R.S. office.

The I.R.S. continued to apply this payment in accordance with Revenue Ruling 73–305.

Both parties agree that at no time did the Debtors make a written designation for the application of this $77,000.00 payment.

The United States called Janel Scott, an I.R.S. representative in the collection branch of the Denver office, who testified that she keeps a daily log of all incoming and outgoing telephone calls she handles in her job. She does not remember, nor do her logs indicate, that she ever received a call from anyone on March 8, 1982, concerning the Debtors. The Court examined her telephone log *in camera* for March 8, 1982, and could find no reference of·any kind to the Debtors. (*See* Government's Exhibit 1, sealed by the Court because the log contains privileged information concerning other taxpayers.) Ms. Scott admits that she could have been reached at the number 837–2241.

The Debtors produced, as evidence of that disputed telephone call, Mr. Edward's telephone log which indicated a call to "Mrs. Scott' at 837–2241 on March 8, 1982, to the "Collection Dept." on behalf of Mallory Oil. And, with agreement of government's counsel, submitted post trial, evidence (Debtors' Exhibit F) from the telephone company that Mr. Edward's firm was billed for a call to 837–2241 on March 8, 1982.

The United States admits that a designation under Revenue Ruling 73–305 can be oral if such designation is made when the payment is tendered.

I find that the designation, if any, made by the Debtors herein was ineffective under Revenue Ruling 73–205.

I have no doubt that Mr. Edwards called the I.R.S. in Denver on March 8, 1982. But I doubt that he made a designation for the Debtors in that call. Mr. Mallory was quite emphatic that, in order to obtain the $77,-000.00 payment, he had to obtain a loan from the bank. He stated that he applied for a $97,000.00 loan on March 3, 1982; that the bank's loan committee met on the third Thursday of each month (this would have been March 18, 1982) and that he got a check for $77,000.00 on March 21, 1982. (This is doubtful since March 21, 1982 was a Sunday.) He then testified that he had this $77,000.00 check with him when he was in Mr. Edwards' office on March 8, 1982, during the telephone conversation with Ms. Scott. The Court simply cannot reconcile Mr. Mallory's testimony.

Also, if the $77,000.00 check was available on March 8, 1982, why did Mr. Edwards and the Debtors delay until April 21, 1982, before sending this payment to the I.R.S.? And if the Debtors were so concerned with the applications being made by I.R.S. why did not Mr. Edwards specifically put forth a designation in the April 21, 1982, package? The Court simply does not believe that a designation was made on March 8, 1982.

Even if such a designation was made by Mr. Edwards on behalf of the Debtors as claimed in that telephone call on March 8, 1982, I find, as a matter of law, that it was ineffective. Revenue Ruling 73–305 provides, in part, as follows:

> Where additional taxes, penalty, and interest are assessed for one or more taxable periods against a taxpayer whose income is reported on the cash method of accounting, *a partial payment* thereon *tendered* to and accepted by the Internal Revenue Service *with specific directions by the taxpayer* as to its application will be applied in accordance with such directions. (Emphasis added.)

There was no "tender" on March 8, 1982. That did not occur until April 21, 1982, and there were no "specific directions" given with this tender.

IT IS THEREFORE ORDERED that there was no effective designation by the Debtors under Revenue Ruling 73–305, and the tax liability of the Debtors is determined to be $73,633.22 as of February 28, 1983.

FURTHER ORDERED that within 10 days of the date of this Order, any party may file a written request for the withdrawal of his exhibits received in evidence or in the possession of the Court. Upon conclusion of all appellate review pertinent

hereto, or upon expiration of time to initiate such review, as the case may be, exhibits so requested shall be returned. Thereafter, the Clerk may destroy or otherwise dispose of any exhibits not requested and returned in accordance with this Order.